# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| FREDDIE WILSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN B. CLAY, et al., )<br>)<br>Respondents. ) | Case No.: 1:17-cv-00488-KOB-SGC |

## MEMORANDUM OPINION

On June 29, 2017, the magistrate judge entered a report recommending the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Doc. 1)[1] and the motion for a judgment amending Petitioner's sentence (Doc. 3) be dismissed with prejudice for lack of subject matter jurisdiction. (Doc. 19). Petitioner Freddie Wilson was granted fourteen days to respond with any objections. (*Id.*). Petitioner filed responses on July 5, 2017 (Doc. 20); July 10, 2017 (Doc. 21); July 11, 2017 (Doc. 22); July 21, 2017 (Doc. 23); and July 24, 2017 (Doc. 24). Any objections submitted after July 13, 2017 are untimely and due to be struck. Accordingly, the court **STRIKES** Petitioner's last two submissions. (Docs. 23, 24). Petitioner's timely responses have been carefully considered by the court. (Docs. 20, 21, and 22)

Petitioner's first submission (Doc. 20) is styled as a motion to expand the record in which Petitioner asks the court to consider previous action taken by the Eleventh Circuit Court of Appeals in granting access to Petitioner's presentence investigation report. The court has considered this motion but finds that, like Petitioner's other arguments regarding his sentence, it

---

[1] The court notes Petitioner filed what is styled as an "amended petition" on April 12, 2017. (Doc. 4). However, Petitioner's amended petition does not contain the court's form for submitting a petition for habeas relief. Therefore, the court refers to (Doc. 1) as the operative petition. The magistrate judge considered the contents of the amended petition, which do not conflict with Petitioner's initial filing. (Doc. 19 at 1 n.1). The undersigned has done the same.

is not properly presented via Petitioner's § 2241 petition. Accordingly, to the extent Petitioner presents an objection to the report and recommendation on the grounds that the magistrate judge recommended against allowing Petitioner to proceed under § 2241 when he requests relief which is only permitted under § 2255, the objection (Doc. 20) is **OVERRULED**.

In Petitioner's second submission (Doc. 21), he objects that 28 U.S.C. §§ 2242 and 2243 provide for a habeas petition to be presented in the district of confinement. While this statement is true, as previously noted by the magistrate judge, Petitioner's action is in substance a motion filed pursuant to § 2255 and must be filed in the district where he was sentenced. This filing also points to other cases in which dismissal was deemed proper by the appellate court where a petitioner filed a § 2241 "savings clause" petition which in fact sought the kind of relief contemplated under § 2255. (*Id.* at 2-3) (citing various cases in which petitions were dismissed in light of the *McCarthan* opinion for failure to observe the requirements of § 2255(e)). The cases cited by Petitioner are consistent with the magistrate judge's recommendation and do not support Petitioner's objection.

Also, Petitioner contends the magistrate judge's recommendation is invalid because she does not have jurisdiction to rule on the motion to amend the judgment (Doc. 3) or the petition itself (Doc. 1). The magistrate judge's report and recommendation is not a final judgment; rather it contains findings of fact and recommendations made pursuant to 28 U.S.C. § 636. Thus, Petitioner's contention as to the authority exercised by the magistrate judge is without merit. Accordingly, these objections (Doc. 21) are **OVERRULED**.

Next in Petitioner's filing of July 11, 2017, he objects to the magistrate judge's report and recommendation because she found the Eleventh Circuit has closed the portal for his § 2241 petition under *McCarthan*. (Doc. 22 at 1). This filing presents no legal grounds which have not

already been addressed. According, to the extent Petitioner's third response (Doc. 22) constitutes an objection, it is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations. In accordance with the recommendation, the court finds that the petition (Doc. 1) and the motion to amend the judgment (Doc. 3) are due to be dismissed with prejudice.

To the extent a certificate of appealability is required by Rule 11 of the *Federal Rules Governing 2255 Proceedings*, a certificate of appealability is **DENIED**. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Based on the foregoing discussion, the court is of the opinion Petitioner has failed to make the requisite showing.

The court will enter a separate Order.

DONE and ORDERED this 5th day of September, 2017.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE